UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SIDNEY WEST,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　　　Defendant. | CASE NO. 14-cv-05332 RBL JRC<br><br>REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF PROSECUTION<br><br>NOTED: November 28, 2014 |

　　　　This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter is before the Court on this Court's Order to Provide Proof of Service or to Show Cause why this matter should not be dismissed (*see* ECF No. 6).

　　　　This Court issued an Order to Provide Proof of Service or to Show Cause why this matter should not be dismissed (ECF No. 6) on September 15, 2014, ordering plaintiff to provide proof of service or show cause by October 10, 2014 why this matter should not be dismissed for lack of prosecution. A copy of the Order (ECF No. 6), along with a copy of the Order Granting

Application to Proceed *In Forma Pauperis*, was mailed to plaintiff via regular U.S. Mail to the last address known for plaintiff. On September 24, 2014, the mailing was received by the Court stamped "Return to Sender Not Deliverable as Addressed Unable to Forward" (ECF No. 7). Plaintiff has failed to file anything in response to this Court's Order and plaintiff has failed to keep the Court apprised of any new mailing address. For these reasons and because there is no evidence in the record that this case has been served properly, this Court recommends that this action be dismissed without prejudice.

## BACKGROUND

Plaintiff's application to proceed *in forma pauperis* was granted on April 24, 2014 (ECF No. 2) and plaintiff's complaint was filed on April 24, 2014 (*see* ECF No. 1; *see also* ECF No. 3). A copy of the Order Granting Plaintiff's Application to Proceed *in forma pauperis,* a copy of the filed Complaint and a copy of the Pro Se Instruction Sheet in Civil Cases, was mailed to plaintiff via the U.S. Postal Service on April 24, 2014. A copy of the Order to Provide Proof of Service or Show Cause why this matter should not be dismissed and another copy of the Order Granting Plaintiff's Application to Proceed *in forma pauperis*, was mailed to plaintiff via the U.S. Postal Service on September 15, 2014. On September 24, 2014, the mailing was received by the Court stamped "Return to Sender Not Deliverable as Addressed Unable to Forward" (ECF No. 7). Plaintiff has failed to file anything in response to this Court's Order and plaintiff has failed to keep the Court apprised of any new mailing address. Fed R. Civ. P. 4(m) requires a defendant to be served within 120 days after a complaint is filed. Fed. R. Civ. P. 4(l) requires proof of service to be filed or made to the court. The record does not show that the Complaint has been properly served.

//

|   |   |
|---|---|
| 1 | DISCUSSION |

2    This Court's September 15, 2014 order (*see* ECF No. 6) informed plaintiff that Fed. R.

3  Civ. P. 4(i) governs service with respect to complaints against the United States and against

4  United States agencies, officers and employees.  Plaintiff also was informed that Fed. R. Civ. P.

5  4(m) requires the court to provide notice to plaintiff before a matter may be dismissed for lack of

6  prosecution, and Rule 4(i)(4) requires the court to allow a reasonable time for plaintiff to cure a

7  failure to serve multiple entities, if plaintiff has effected service on either the United States

8  attorney or the Attorney General of the United States.

9    The Court also informed plaintiff in that Order that regarding social security complaints,

10  "Rule 4(i) requires plaintiff to serve a summons and copy of complaint on the following entities:

11  (a) the United States attorney for the district in which the action is brought or to an assistant

12  United States attorney or clerical employee designated by the United States attorney in writing

13  filed with the clerk of court or the civil process clerk at the office of the United States attorney;

14  (b) the Attorney General of the United States at Washington, District of Columbia; and (c) the

15  officer or agency" (ECF No. 6, pp. 2-3; *see also* ECF No. 2, pp. 1-2). Fed. R. Civ. P. 4(i).

16    Plaintiff was given three weeks to provide proof of service or show cause why this Court

17  should not file a Report and Recommendation to dismiss this action. The Court was not willing

18  to risk dismissal of an action before consideration of the merits when "other less drastic

19  alternatives [we]re [] available," in part, due to plaintiff's *pro se* status. *See Eldridge v. Block*,

20  832 F.2d 1132, 1137 (9th Cir. 1987) (*citing Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671,

21  674 (1981)). The Court provided notice to plaintiff that this matter would be dismissed for lack

22  of prosecution if plaintiff failed to provide proof of service by October 10, 2014 (*see* ECF No. 6).

23

24

Although "the court must extend the time for service" if good cause is shown, plaintiff has not filed anything since the Court's Order to Show Cause (*see id.*). *See* Fed. R. Civ. P. 4(m).

## CONCLUSION

According to the Federal Rules of Civil Procedure, if "a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

As plaintiff failed to abide by this Court's order and provide proof of service or show cause why this matter should not be dismissed, the undersigned recommends that this matter be dismissed for lack of prosecution and that the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on November 28, 2014, as noted in the caption.

Dated this 13th day of November, 2014.

J. Richard Creatura
United States Magistrate Judge